### AMOS CRATER v. JOSEPH A. FRITTS.

In assessing the damages for lands taken for private roads, benefits and advantages to the owner are not, as in public roads, to be considered by surveyors under the Road act.

On *certiorari*. In matter of road.

Argued at February Term, 1882, before Justices SCUDDER and KNAPP.

For the plaintiff, *J. T. Bird*.

For the defendant, *R. S. Kuhl*.

The opinion of the court was delivered by

KNAPP, J. This case raises objections to the return of the surveyors of the highways in laying out a private road in Clinton township, in the county of Hunterdon. That principally relied upon is, that in the return it appears that the surveyors, in making an assessment of damages to the prosecutor, who was not an applicant, as owner of lands taken for the road, took into consideration the advantages to such owner in the laying out of the road. It is good ground for setting aside the whole proceeding that the surveyors adopted and acted upon a wrong principle in making their assessment. *State, Swanton, pros.,* v. *Pierson*, 8 *Vroom* 368. By the thirteenth section of the Road act as revised, (*Rev., p.* 998,)

Crater v. Fritts.

it is provided that whenever any public road or highway be laid out or altered by surveyors, they shall make an assessment of the damages which owners of lands taken for the road, other than applicants, shall sustain by such laying out or alteration, over and above the advantages which, in their judgment, will accrue to said owner. This provision for the assessment of damages in the case of public roads, differs from the provisions of the first section of the act of 1854, found in *Rev.*, *p.* 1000, § 24, respecting assessments for damages for lands taken in the laying of private roads. In the latter act the surveyors are required to make an assessment of the damages the owner of any lands, other than the applicant, will sustain by laying out or altering the same, and declares that such assessment shall be deemed the just compensation to be made for private property taken for public use. Here the direction to diminish the damages to the extent of the resulting benefits, is omitted; evincing an intention on the part of the legislature, that as to lands taken for private roads a different rule shall govern. The view urged by counsel for the defendant, that the modes of assessment in the two cases are legally the same, upon the theory that damage is the residue of injury after allowance for all advantages, cannot be accepted, in view of the ruling of this court in *Swayze* v. *Midland Railway Co.*, 7 *Vroom* 295, where it was held that commissioners appointed to assess the value of lands and damages against a railroad company were unauthorized to consider the advantages to the land-owner, in the absence of a provision in their charter authorizing it. Here, upon this review, it must be held that the return is fatally defective in the particular mentioned. As to the power of amendment given by the act of 1874, (*Pamph. L.*, *p.* 33; *Rev.*, *p.* 1018, § 124,) it is conferred upon the Court of Common Pleas only, and not upon this court; and this court has not undertaken to order amendatory proceedings in the Common Pleas.

The adjudication in this case will be as in *Washington* v. *Fisher*, 14 *Vroom* 377, that the return, in its present form, cannot be recorded. It will be remitted to the Court of Com-

mon Pleas, which made the appointment of surveyors, thus placing it within the control of that court for such authorized action as it may deem advisable to take in the matter.